# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Jane Doe 1, Jane Doe 2, Jane Doe 3, Jane Doe 4, Jane Doe 5, Jane Doe 6, Jane Doe 7, John Doe 1, John Doe 2,, and John and Jane Does 1-100,<br><br>Plaintiffs,<br><br>-v-<br><br>Varsity Brands, LLC; Varsity Spirit, LLC; Varsity Brands Holding Company, Inc.; U.S. All Star Federation; USA Federation of Sport Cheering d/b/a US Cheer, Jeff Webb, Charlesbank Capital Partners, LP; Bain Capital, LP; Rockstar Cheer & Dance, Inc., Katherine Anne Foster as the personal representative of the Estate of Scott Foster, Kathy Foster, individually, Kenny Feeley, Josh Guyton, Nathan Allan Plank, Christopher Hinton, Tracy a/k/a or f/k/a Traevon Black, Peter Holley, and other Unknown Defendants,<br><br>Defendants. | Case No.: 6:22-cv-02957-HMH<br><br><br><br>**ANSWER OF DEFENDANT NATHAN ALLAN PLANK TO FIRST AMENDED COMPLAINT** |

Defendant Nathan Allan Plank, answering the First Amended Complaint of the Plaintiffs, would respectfully show unto the Court and allege:

## FOR A FIRST DEFENSE

1. Defendant Nathan Allan Plank <u>generally denies each and every allegation of the Plaintiffs' First Amended Complaint</u> not hereinafter admitted, modified or explained.

2. Plaintiffs' Statement of the Case sets forth legal conclusions to which no response is required. To the extent the Court should deem a response is required by Defendant Plank,

1

Defendant Plank <u>denies</u> each and every allegation contained therein and demands strict proof thereof.

3. Defendant Plank is without sufficient information to either admit or deny the allegations of Paragraphs 1, 2, 3 and 4 of the Plaintiffs' First Amended Complaint and therefore <u>denies</u> same and demands strict proof thereof.

4. With regard to Paragraphs 5, 6, 7, 8 and 9 of Plaintiffs' First Amended Complaint, to the extent the allegations reference "Defendants" collectively, Defendant Plank vehemently <u>denies</u> all such allegations as they may pertain to him and demands strict proof thereof.

5. Paragraphs 10 and 11 of Plaintiffs' First Amended Complaint sets forth legal conclusions to which no response is required. To the extent the Court should deem a response is required by Defendant Plank, Defendant Plank <u>denies</u> each and every allegation contained therein and demands strict proof thereof.

6. With regard to Paragraphs 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38 and 39 of Plaintiffs' First Amended Complaint, Defendant Plank is without knowledge or sufficient information to either admit or deny any such allegations (as they pertain to unidentified Jane and John Doe Plaintiffs and other named Defendants), and therefore <u>denies</u> each and every allegation contained therein and demands strict proof thereof. Should any of the allegations contained within these Paragraphs be deemed to pertain to Defendant Plank, all such allegations are denied, and strict proof is demanded thereof.

7. As to Paragraph 26 of Plaintiffs' First Amended Complaint, **<u>Defendant Plank vehemently denies that he has ever been employed by or worked for Defendant Rockstar</u>**, and strict proof is demanded thereof. Defendant Plank admits only that he did coach gymnastics at one point in his

life but denies any allegations and inferences that have been or may be drawn therefrom, expressly <u>denies</u> same, and demands strict proof thereof.

8. Paragraph 40 of Plaintiffs' First Amended Complaint sets forth legal conclusions to which no response is required. To the extent the Court should deem a response is required by Defendant Plank, Defendant Plank <u>denies</u> each and every allegation contained therein and demands strict proof thereof.

9. With regard to Paragraph 41 through Paragraph 183, inclusive of all numbered Paragraphs therein, of Plaintiffs' First Amended Complaint, Defendant Plank is without knowledge or sufficient information to either admit or deny any such allegations (as they pertain principally to other named Defendants), and therefore <u>denies</u> each and every allegation contained therein and demands strict proof thereof. Should any of the allegations contained within these Paragraphs be deemed to pertain to Defendant Plank, all such allegations are denied, and strict proof is demanded thereof.

10. With regard to Paragraph 184 through Paragraph 199, inclusive of all numbered Paragraphs therein, of Plaintiffs' First Amended Complaint, to the extent the allegations are asserted as against Defendant Plank, <u>Defendant Plank vehemently denies each and every such allegation contained therein,</u> and strict proof is demanded thereof. Defendant Plank <u>expressly denies</u> the allegations of Paragraph 186 which specifically mentions him by name and demands strict proof thereof.

11. Paragraph 200 through Paragraph 316, inclusive of all numbered Paragraphs therein, of Plaintiffs' First Amended Complaint, pertain to alleged acts and delicts of other named Defendants for which no response is required by this Defendant. However, to the extent the Court should deem a response is required by Defendant Plank, Defendant Plank is without knowledge or sufficient information to either admit or deny any such allegations (as they pertain specifically to other named

Defendants), and therefore <u>denies</u> each and every allegation contained therein and demands strict proof thereof.  Should any of the allegations contained within these Paragraphs be deemed to pertain to Defendant Plank, all such allegations are denied, and strict proof is demanded thereof.

12.     Defendant Plank <u>vehemently denies the allegations of Paragraphs 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327 and 328</u> of Plaintiffs' First Amended Complaint and demands strict proof of each and every allegation contained therein.

13.     Paragraph 329, 330, 331 and 332, inclusive of all numbered Paragraphs therein, of Plaintiffs' First Amended Complaint, pertain to alleged acts and delicts of other named Defendants for which no response is required by this Defendant.  However, to the extent the Court should deem a response is required by Defendant Plank, Defendant Plank is without knowledge or sufficient information to either admit or deny any such allegations and therefore <u>denies</u> each and every allegation contained therein and demands strict proof thereof.  Should any of the allegations contained within these Paragraphs be deemed to pertain to Defendant Plank, all such allegations are denied, and strict proof is demanded thereof.

14.     To the extent such allegations are asserted against Defendant Plank, Defendant Plank <u>vehemently denies the allegations of Paragraphs 333, 334, 335, 336, 337 and 338,</u> inclusive of all numbered Paragraphs therein, of Plaintiffs' First Amended Complaint and demands strict proof of each and every allegation contained therein.

15.     With regard to Paragraph 339 through Paragraph 375, inclusive of all numbered Paragraphs therein, of Plaintiffs' First Amended Complaint, to the extent the allegations are asserted as against Defendant Plank, <u>Defendant Plank vehemently denies each and every such allegation contained therein,</u> and strict proof is demanded thereof.

16. Paragraph 376 through Paragraph 383, inclusive of all numbered Paragraphs therein, of Plaintiffs' First Amended Complaint, pertain to alleged acts and delicts of other named Defendants for which no response is required by this Defendant. However, to the extent the Court should deem a response is required by Defendant Plank, Defendant Plank is without knowledge or sufficient information to either admit or deny any such allegations and therefore <u>denies</u> each and every allegation contained therein and demands strict proof thereof. Should any of the allegations contained within these Paragraphs be deemed to pertain to Defendant Plank, all such allegations are denied, and strict proof is demanded thereof.

17. With regard to Paragraph 384 through Paragraph 397, inclusive of all numbered Paragraphs therein, of Plaintiffs' First Amended Complaint, to the extent the allegations are asserted as against Defendant Plank, <u>Defendant Plank vehemently denies each and every such allegation contained therein,</u> and strict proof is demanded thereof.

18. Paragraph 398 through Paragraph 415, inclusive of all numbered Paragraphs therein, of Plaintiffs' First Amended Complaint, pertain to alleged acts and delicts of other named Defendants for which no response is required by this Defendant. However, to the extent the Court should deem a response is required by Defendant Plank, Defendant Plank is without knowledge or sufficient information to either admit or deny any such allegations and therefore <u>denies</u> each and every allegation contained therein and demands strict proof thereof. Should any of the allegations contained within these Paragraphs be deemed to pertain to Defendant Plank, all such allegations are denied, and strict proof is demanded thereof.

19. With regard to Paragraph 416 through Paragraph 419, inclusive of all numbered Paragraphs therein, of Plaintiffs' First Amended Complaint, to the extent the allegations are asserted as against

Defendant Plank, <u>Defendant Plank vehemently denies each and every such allegation contained therein,</u> and strict proof is demanded thereof.

20.     Paragraph 420 through Paragraph 451, inclusive of all numbered Paragraphs therein, of Plaintiffs' First Amended Complaint, pertain to alleged acts and delicts of other named Defendants for which no response is required by this Defendant.  However, to the extent the Court should deem a response is required by Defendant Plank, Defendant Plank is without knowledge or sufficient information to either admit or deny any such allegations and therefore <u>denies</u> each and every allegation contained therein and demands strict proof thereof.  Should any of the allegations contained within these Paragraphs be deemed to pertain to Defendant Plank, all such allegations are denied, and strict proof is demanded thereof.

21.     With regard to Paragraph 452 through Paragraph 466, inclusive of all numbered Paragraphs therein, of Plaintiffs' First Amended Complaint, to the extent the allegations are asserted as against Defendant Plank, <u>Defendant Plank vehemently denies each and every such allegation contained therein,</u> and strict proof is demanded thereof.

22.     With regard to the Prayer for Relief contained in Plaintiffs' First Amended Complaint, to the extent the relief requested is request against Defendant Plank, <u>Defendant Plank vehemently denies that the Plaintiffs, or any of them, are entitled to such relief as against him,</u> and strict proof is demanded thereof.

### **FOR A SECOND DEFENSE**

23.     Defendant Plank reiterates the allegations contained in his previous Defense as if fully restated herein.

24.     Pursuant to Rule 12(b)(6), South Carolina Rules of Civil Procedure, the Plaintiffs, and each of them, have failed to state facts sufficient to constitute a cause of action against Defendant Plank.

## FOR A THIRD DEFENSE

25.     Defendant Plank reiterates the allegations contained in his previous Defenses as if fully restated herein.

26.     The causes of action as stated by the Plaintiffs, and each of them, as against Defendant Plank are time barred by the applicable Statute of Limitations.

## FOR A FOURTH DEFENSE

27.     Defendant Plank reiterates the allegations contained in his previous Defenses as if fully restated herein.

28.     Without the identification of the Doe Plaintiffs in the within action, Defendant Plank is unable to determine who has made the allegations against him, counsel is unable to determine if any conflicts exist, and Defendant Plank is unable to prepare an adequate defense in the within matter.

## FOR A FIFTH DEFENSE

29.     Defendant Plank reiterates the allegations contained in his previous Defenses as if fully restated herein.

30.     Plaintiffs' claims are barred by the Doctrine of Laches.  Due to the passage of time, documents, information and witnesses are or may no longer be available for the proper adjudication of this matter.

## FOR A SIXTH DEFENSE

31.     Defendant Plank reiterates the allegations contained in his previous Defenses as if fully restated herein.

32.     The damages sought by the Plaintiffs as against Defendant Plank are entirely speculative in nature and the Plaintiffs are therefore barred from recovery.

### FOR A SEVENTH DEFENSE

33.     Defendant Plank reiterates the allegations contained in his previous Defenses as if fully restated herein.

34.     Plaintiffs' claims are barred by the Doctrines of Waiver, Consent, and Estoppel.

### FOR AN EIGHTH DEFENSE

35.     Defendant Plank reiterates the allegations contained in his previous Defenses as if fully restated herein.

36.     Any damages allegedly sustained by the Plaintiffs, which is denied, was only caused by the acts or omissions of entities or persons other than Defendant Plank, which acts or omissions constitute the intervening and superseding cause of the Plaintiffs' alleged damages, if any, and bar the Plaintiffs' claims against Defendant Plank.

### FOR A NINTH DEFENSE

37.     Defendant Plank reiterates the allegations contained in his previous Defenses as if fully restated herein.

38.     In recognition of the legal requirement that all affirmative defenses be plead in the answer to the complaint, and because no discovery has been undertaken in this lawsuit, Defendant Plank alleges that even assuming he was negligent, careless, grossly negligent, willful, wanton or reckless in any respect, and that any such conduct on the Defendant's part operated as a proximate cause of the accident and Plaintiffs' resulting injuries and damages, if any, all of which is expressly denied and admitted solely for the purpose of this defense and no

other, that Plaintiffs' negligent, grossly negligent, reckless, willful and wanton conduct, contributed more than 50% to the cause of the accident and Plaintiffs' resulting injuries and damages, if any. For that reason, Defendant Plank is not liable to the Plaintiffs in any sum whatsoever. Defendant Plank expressly reserves the right to withdraw this defense, or any other defense, in advance of trial should discovery reveal it to be inapplicable.

## **FOR A TENTH DEFENSE**

39.     Defendant Plank reiterates the allegations contained in his previous Defenses as if fully restated herein.

40.     In recognition of the legal requirement that all affirmative defenses be plead in the answer to the complaint, and because no discovery has been undertaken in this lawsuit, Defendant Plank alleges that even if he was negligent, careless, grossly negligent, reckless, willful or wanton in any respect whatsoever, which is expressly denied and admitted solely for the purpose of this defense and no other, and even if any such conduct on their part operated as a 50% or greater cause of the accident and Plaintiffs' resulting injuries and damages, if any, which is also expressly denied and admitted solely for the purpose of this defense and no other, they are entitled to a determination as to the percentage which Plaintiffs' negligent, grossly negligent, reckless, willful and wanton conduct, contributed to the accident and to a reduction of any amount awarded to Plaintiffs in an amount equal to that percentage of Plaintiffs' own negligent, grossly negligent, reckless, willful and wanton conduct.

## **FOR AN ELEVENTH DEFENSE**

41.     Defendant Plank reiterates the allegations contained in his previous Defenses as if fully restated herein.

42.     Defendant Plank alleges that to the extent Plaintiffs sustained any injuries and damages as a result of the matters alleged in the Complaint, which is denied and admitted solely for the purpose of this defense and no other, Defendant Plank is entitled to a determination of the negligence or fault of any other person or fault or negligence of the other person or entity, in addition to any reduction of any award in favor of Plaintiffs by their own comparative fault, who may be responsible for such injuries and/or damages, to the assignment of such fault or negligence to such person or entity by the jury at the conclusion of the trial of this case, whether such person or entity is a party to this lawsuit at such time, and to a reduction of any award in favor of Plaintiffs and against Defendant Plank by such.

## FOR A TWELFTH DEFENSE

43.     Defendant Plank reiterates the allegations contained in his previous Defenses as if fully restated herein.

44.     Defendant Plank alleges that to the extent Plaintiffs have failed to mitigate Plaintiffs' damages in the manner provided by law, such failure to mitigate constitutes a complete defense and bar to Plaintiffs' causes of action.

## FOR A THIRTEENTH DEFENSE

45.     Defendant Plank reiterates the allegations contained in his previous Defenses as if fully restated herein.

46.     Any claim on behalf of Plaintiffs for punitive damages is barred by the provisions of the United States Constitution and South Carolina Constitution

## FOR A FOURTEENTH DEFENSE

47.     Defendant Plank reiterates the allegations contained in his previous Defenses as if fully

restated herein.

48. Defendant Plank asserts any award returned by the jury in this case for punitive damages must be capped in accordance with the provisions of *South Carolina Code* § 15-32-530(A) and (B).

## **FOR A FIFTEENTH DEFENSE**

49. Defendant Plank reiterates the allegations contained in his previous Defenses as if fully restated herein.

50. The Plaintiffs are not entitled to an award of punitive damages because, among other reasons, such damages violate the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that:

(a) The South Carolina judiciary's ability to correct a punitive damages award at the appellate level is inconsistent with due process guarantees;

(b) Any award of punitive damages serving a compensatory function is inconsistent with due process guarantees;

(c) To the extent and award of punitive damages is excessive, such award violates due process guarantees;

(d) The jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of meaningful standards and is inconsistent with due process guarantees;

(e) Even if it could be argued that the standard governing the imposition of punitive damages exists, the standard is void for vagueness; and

(f) The Plaintiffs' claims for punitive damages violates the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and Article I, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth and status of the Defendants.

## FOR A SIXTEENTH DEFENSE

51. Defendant Plank reiterates the allegations contained in his previous Defenses as if fully restated herein.

52. Defendant Plank asserts that, because the parties have not conducted discovery, if during the course of this litigation new information becomes available which allows the Defendant to assert additional defenses, the Defendant reserve the right to do so

## FOR A SEVENTEENTH DEFENSE

53. Defendant Plank reiterates the allegations contained in his previous Defenses as if fully restated herein.

54. Defendant Plank does not waive, expressly reserves, and hereby asserts as if fully set forth herein all other statutory and common law defenses, including all affirmative defenses, not previously set forth above. Further, Defendant Plank expressly reserves the right to amend his Answer to assert such other and further defenses, counterclaims, crossclaims, or third-party claims as may, through the course of discovery, be deemed necessary and proper in this matter.

**WHEREFORE,** having fully answered, Defendant Nathan Allan Plank prays that this Court grant the following relief:

1. That the Plaintiffs' Complaint be dismissed with prejudice, with costs; and.

2. For such other and further relief as this Court may deem just and proper.

**DEFENDANT PLANK HEREBY DEMANDS A JURY TRIAL.**

        Respectfully submitted,

        **THE INJURY LAW FIRM, P.C.**

        s/Daniel L. Draisen
        **DANIEL L. DRAISEN (Fed Bar# 7226)**
        2006 North Main Street
        Anderson, South Carolina 29621
        (864) 888-8887
        daniel@injuredSC.com
        **ATTORNEY FOR DEFENDANT PLANK**

November 20, 2022
Anderson, South Carolina