IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Jane Doe 1, Jane Doe 2, Jane Doe 3, Jane Doe 4, Jane Doe 5, Jane Doe 6, Jane Doe 7, John Doe 1, John Doe 2, and John and Jane Does 1-100,<br>                Plaintiffs,<br><br>  vs.<br><br>Varsity Brands, LLC; Varsity Spirit, LLC; Varsity Brands Holding Company, Inc.; U.S. All Star Federation; Jeff Webb; Rockstar Cheer & Dance, Inc.; Katherine Anne Foster, as the personal representative of the Estate of Scott Foster; Kathy Foster, individually; Kenny Feeley; Josh Guyton; Nathan Allan Plank; Christopher Hinton; Tracy a/k/a or f/k/a Traevon Black; Peter Holley; and other Unknown Defendants,<br>                Defendants. | **C.A. No. 6:22-2957-HMH**<br><br>***FINAL* AMENDED CONFERENCE AND SCHEDULING ORDER** |
| Jane Doe 8,<br>                Plaintiff,<br><br>  vs.<br><br>Varsity Brands, LLC; Varsity Spirit, LLC; Varsity Brands Holding Company, Inc.; U.S. All Star Federation, Inc. d/b/a U.S. All Star Federation; Jeff Webb, individually; Rockstar Cheer & Dance, Inc.; Katherine Anne Foster, as the personal representative of the Estate of Scott Foster; Kathy Foster, individually; Josh Guyton; Christopher Hinton; Traevon Black a/k/a Trey Black n/k/a Tracey Black; and other unknown defendants,<br>                Defendants. | **C.A. No. 6:22-3508-HMH** |

| | | |
|---|---|---|
| Jane Doe 9, | ) | |
|     Plaintiffs, | ) | **C.A. No. 6:22-3509-HMH** |
| | ) | |
| vs. | ) | |
| | ) | |
| Varsity Brands, LLC; Varsity Spirit, LLC; | ) | |
| Varsity Brands Holding Company, Inc.; | ) | |
| Jeff Webb, individually; Rockstar Cheer & | ) | |
| Dance, Inc.; Katherine Anne Foster, as | ) | |
| the personal representative of the Estate of | ) | |
| Scott Foster; Kathy Foster, individually; | ) | |
| Josh Guyton; Traevon Black a/k/a Trey | ) | |
| Black n/k/a Tracey Black; and other | ) | |
| unknown defendants, | ) | |
| | ) | |
|     Defendants. | ) | |

| | | |
|---|---|---|
| John Doe 3, | ) | |
| | ) | **C.A. No. 6:22-3510-HMH** |
|     Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Varsity Brands, LLC; Varsity Spirit, LLC; | ) | |
| Varsity Brands Holding Company, Inc.; | ) | |
| Jeff Webb, individually; Rockstar Cheer & | ) | |
| Dance, Inc.; Katherine Anne Foster, as the | ) | |
| personal representative of the Estate of | ) | |
| Scott Foster; Kathy Foster; Traevon Black | ) | |
| a/k/a Trey Black n/k/a Tracey Black; Jarred | ) | |
| Carruba; and other unknown defendants, | ) | |
| | ) | |
|     Defendants. | ) | |

    The Court amends the Amended Conference and Scheduling Order filed **August 22, 2023**, as follows:

5. Plaintiff(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Plaintiff(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) has been disclosed to other parties by **January 15, 2024** (Fed. R. Civ. P. 26(a)(2)).[1]

6. Defendant(s) shall file and serve a document identifying by full name, address, telephone number each person whom Defendant(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) has been disclosed to other parties by **February 14, 2024** (Fed. R. Civ. P. 26(a)(2)).

7. Counsel shall file and serve affidavits of records custodian witnesses proposed to be presented by affidavit at trial no later than **February 14, 2024**. Objections to such affidavits must be made within fourteen (14) days after the service of the disclosure. (See Fed. R. Evid. 803(6), 902(11), or 902(12) and Local Civil Rule 16.02(D)(3)).

8. Discovery shall be completed no later than **March 15, 2024**. Discovery shall be deemed completed within this time only if discovery is initiated at such time as to afford the responding party the full time provided under the applicable rule of the Federal Rules of Civil Procedure in which to respond prior to the discovery completion date noted in this paragraph.
**(The parties may, with the consent of all counsel, conduct discovery up to the time of trial, provided the deadlines in this order are not affected.)**

9. All other motions, except (a) those relating to the admissibility of evidence at trial and (b) those to compel discovery, shall be filed no later than **March 29, 2024** (Fed. R. Civ. P. 16(b)(2)). See below ¶ 11 for motions in limine deadline.

10. No later than **May 13, 2024**, the parties shall file and exchange Fed. R. Civ. P. 26(a)(3) pretrial disclosures. Within fourteen (14) days thereafter, a party shall file and exchange Fed. R. Civ. P. 26(a)(3) objections, any objections to use of a deposition designated by another party and any deposition counter-designations under Fed. R. Civ. P. 32(a)(4). See Local Civil Rule 30.03(J) (video deposition additional requirements).

---

[1]Concurrent with the identification of each expert and subject matter, each party shall serve (but not file): 1) a complete copy of the most current curriculum vitae of each expert or a detailed summary of his qualifications to testify on each identified subject; 2) (a) a complete statement of all opinions to be expressed by each expert and the basis and reasons therefor; (b) the data and other information considered by the expert in forming the opinions, (c) any exhibits to be used as a summary of or support for the opinions, and (d) citations of any treatise, text or other authority upon which each expert especially relied; and 3) a copy of each expert's report if a report has been prepared.

3

11. Motions in limine must be filed two weeks prior to jury selection, not later than **May 29, 2024.**

12. Parties shall furnish the Court pretrial briefs seven (7) days prior to the date set for jury selection, not later than **June 5, 2024** (Local Civil Rule 26.05). Attorneys shall meet at least seven (7) days prior to the date set for submission of pretrial briefs for the purpose of exchanging and marking all exhibits. See Local Civil Rule 26.07.

13. This case is subject to being called for jury selection and trial on or after **June 12, 2024.**

A request for a continuance of the trial date must be agreed to and signed by the party and his/her attorney requesting and/or consenting to the continuance.

The court directs the parties' attention to Local Rule 7.00 which governs motion practice. Hearings on motions are not automatic. The court may decide motions without a hearing. If a party opposes a motion which has been filed, that party must file a response to the opposed motion within fourteen (14) days of the date the motion was filed. If no such response in opposition is filed, the court will assume that the party consents to the court's granting the motion.

Any motions pending on the date of the Bar Meeting *will be heard at the Bar Meeting* and you should be prepared to argue them at that time.

**NOTICE: You are expected to be available for trial of this case during the month of June, 2024 unless the court notifies you of a later date. If you presently have a conflict during the month of June, notify the court in writing within seven (7) days of the date of this order. You will not be excused without leave of court.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

December 5, 2023
Greenville, South Carolina